FILED

2012 NOV 13 PM 4: 26

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID PIPPIN,

    Plaintiff,

v.

MERCANTILE ADJUSTMENT BUREAU, LLC,

    Defendant.

_____/

CASE NO. 6:12-cv-1700-orl-22kRS

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, DAVID PIPPIN ("Plaintiff"), by and through his attorneys, KROHN & MOSS, LTD., and for Plaintiff's Complaint against Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC ("Defendant"), alleges and affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

3. Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

///

///

## PARTIES

5. Plaintiff is a natural person who resides in Altamonte Springs, Seminole County, Florida and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6. Defendant is a national company with a business office in Williamsville, New York.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

8. Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9. In or around June and July of 2012, Defendant placed phone calls to Plaintiff in an attempt to collect an alleged debt.

10. Defendant is attempting to collect from Plaintiff on an alleged debt arising from transactions for personal, family and/or household purposes.

11. Defendant places calls to Plaintiff's home phone at 407-409-67XX.

12. Defendant calls Plaintiff from phone number 813-889-3993 and 866-839-7277.

13. On June 17, 2012, Plaintiff faxed a cease and desist letter to Defendant at fax number 813-886-7300. *See* Cease and Desist letter to Defendant and fax confirmation attached as Exhibit A.

14. In his letter to Defendant, Plaintiff requested that Defendant cease its collection calls. *See* Exhibit A at 2.

15. Defendant received the cease and desist letter on June 17, 2012. *See* Exhibit A at 1.

16. Despite receiving Plaintiff's letter, Defendant placed collection phone calls to Plaintiff on the following dates and times: June 21, 2012 at 8:25 A.M.; June 29, 2012 at 11:05 A.M.; June 30, 2012 at 11:39 A.M.; and July 23, 2012 at 2:35 P.M.

17. On June 30, 2012, Plaintiff informed Defendant in a telephone conversation that Plaintiff was represented by counsel and provided his attorney's name and telephone number.

18. Despite Plaintiff's statement that he was represented by counsel, Defendant placed a collection call to Plaintiff on July 23, 2012 at 2:35 P.M.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

19. Defendant's violations of the FDCPA include, but are not limited to the following:

   a) Defendant violated §1692c(a)(2) of the FDCPA by communicating directly with Plaintiff despite being informed that Plaintiff was represented by counsel.

   b) Defendant violated §1692c(c) of the FDCPA by contacting Plaintiff after Plaintiff sent written notice requesting Defendant to cease communication.

**WHEREFORE**, Plaintiff, DAVID PIPPIN, respectfully prays that judgment be entered against Defendant, MERCANTILE ADJUSTMENT BUREAU, LLC for the following:

20. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

21. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k;

22. Any other relief that this court deems to be just and proper.

Date: 11/8/2012

RESPECTFULLY SUBMITTED,

By: _____*Shireen Hormozdi*_____
Shireen Hormozdi
Krohn & Moss, Ltd
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Phone: (323) 988-2400 ext. 267
Fax:    (866) 802-0021
Attorney for Plaintiff
FBN: 0882461